O



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-5619 PSG (AGRx) | Date | August 13, 2009 |
| Title | William R. Kowalski v. Mommy Gina Tuna Resources | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Denying Kowalski's Ex Parte Application for Assignment Order**

On October 26, 2005, William R. Kowalski ("Kowalski") and his company, Hawaii International Seafood, Inc. ("HISI") (collectively, "Plaintiffs") filed a patent infringement action against Joaquin "Jake" Lu ("Jake Lu"), Mommy Gina Tuna Resources ("MGTR"), and King Tuna, Inc. ("King Tuna"). *Kowalski v. Integral Seafood LLC*, 2007 WL 1376378, at *1 (D. Haw. May 4, 2007). On March 31, 2006, Plaintiffs filed a similar patent infringement action against Citra Mina Seafood Corporation ("Citra Mina") and Integral Seafood LLC ("Integral"). *Id.*[1] The five defendants in the two foregoing actions were related entities engaged in the seafood business. *Id.* MGTR is a sole proprietorship of Jake Lu. *Id.* King Tuna is a California corporation incorporated by Jake Lu. *Id.* Citra Mina is a Philippines corporation owned by Jake Lu. Integral is a Delaware corporation that is managed by Carols Lu, the brother of Jake Lu. *Id.*

On April 10, 2008, Magistrate Judge Barry M. Kurren issued an order on Kowalski's motion to add GJ Fresh LLC ("GJ Fresh"), Mommy Gina Tuna Resources, Inc. ("MGTR, Inc."), and Citra Mina Holdings LLC ("Citra Mina Holdings") to the foregoing actions under Federal Rule of Civil Procedure 25(c). *See Kowalski v. Mommy Gina Tuna Resources*, 2008 WL 976911, at *1 (D. Haw. Apr. 10, 2008). In that order, Magistrate Judge Kurren found that GJ Fresh, MGTR, Inc., and Citra Mina Holdings all received a transfer from Lu and/or MGTR. *Id.* at *3. Accordingly, the Court granted Kowalski's Rule 25(c) motion and joined GJ Fresh, MGTR, Inc., and Citra Mina Holdings as successors in interest to Lu and MGTR. *Id.*

---

[1] For ease of presentation, the Court will refer to the first action filed as the "MGTR Action," and will refer to the second action filed as the "Citra Mina Action."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5619 PSG (AGRx) | Date | August 13, 2009 |
|---|---|---|---|
| Title | William R. Kowalski v. Mommy Gina Tuna Resources | | |

On May 7, 2009, judgment was entered in the foregoing matters in the United States District Court for the District of Hawaii. *Yasunaga Decl.* ¶ 2. At some point later in time, the trial judge ordered that the judgment be registered in the Central District of California. It was so registered on May 27, 2009. *Id.* at ¶ 3. According to Kowalski, to date, this judgment, which allegedly exceeds $6.6 million, remains fully outstanding and unpaid.

On July 31, 2009, Kowalksi submitted the instant ex parte application without notice, seeking an assignment order directing the judgment debtors MGTR, King Tuna, Citra Mina, Integral, GJ Fresh, MGTR, Inc., Citra Mina Holdings, and Jake Lu to assign to Kowalski the judgment debtors' interests in any property and all right to payment under the following assets to the extent necessary to satisfy the judgment entered by the trial judge: (1) any and all commissions and/or royalties due and owing to the judgment debtors; (2) any and all accounts receivable now due or to become due and payable to the judgment debtors; (3) any and all general intangibles held by, for, or on behalf of the judgment debtors; (4) any funds, deposits, chose in action being held for or on behalf of the judgment debtors; and (5) any and all inventory held by third parties belonging to the judgment debtors.

II.   Discussion

Federal Rule of Civil Procedure 69(a) provides that a money judgment is enforced by a writ of execution, unless the Court directs otherwise. Fed. R. Civ. P. 69(a). It further provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* As this Court is located in California and no federal statute applies, the Court turns to California's procedures in determining the propriety of Kowalski's request.

Presently, Kowalski seeks an assignment order, which is "a court order assigning to the judgment . . . the debtor's right to payments due from a third person. It is authorized by CCP § 708.510 et seq." Alan. M. Ahart, California Practice Guide: Enforcing Judgments & Debts Par. 6:1422.5 (The Rutter Group 2009). Importantly, he does not seek this order under regular noticed procedures. Rather, he seeks it ex parte without notice. However, the relevant state statute does not appear to allow this.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-5619 PSG (AGRx) | Date | August 13, 2009 |
|----------|------------------------|------|------------------|
| Title | William R. Kowalski v. Mommy Gina Tuna Resources | | |

By its terms, California Code of Civil Procedure section 708.510 provides that "upon application of the judgment creditor *on noticed motion*, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments . . . ." Cal. Code Civ. Proc. § 708.510(a) (emphasis added). The statute goes on to provide that "[t]he notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail." *Id.* at § 708.510(b). Thus, construing the applicable statutory provisions together, it seems clear that a court may only issue an assignment order if notice has been provided to the judgment debtor. Accordingly, as no notice has been provided to the judgment debtor in this case, the Court may not issue the requested order.

~~Now the Court realizes that this ruling places Kowalksi in an unfortunate predicament.~~ After all, Kowalski appears to have a well-founded fear that if he is required to give the judgment debtors notice of the requested assignment order, they will continue their efforts in creating shell companies and establishing new and additional third parties to divert their assets and receivables and inventories in the ordinary course of business to further hinder, delay and defraud him from enforcing his outstanding judgment. However, the relevant statute does not contain any exception to the notice requirement and, as far as this Court is aware, no other court has read such an exception into the statute. For these reasons, then, the Court DENIES Kowalski's application, without prejudice.

III.    Conclusion

Based on the foregoing, the Court DENIES Kowalski's ex parte application for an assignment order, without prejudice.

**IT IS SO ORDERED.**